# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM KISSEL, | : | No. 3:21-cv-00120-JAM |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHELLE H. SEAGULL, | : | |
| *Defendant*. | : | JANUARY 18, 2022 |

## [PROPOSED] JUDGMENT AND ORDER

The Court, having considered the Plaintiff's claims through a motion for preliminary injunction and having granted that motion in part and denied it in part (ECF No. 30), finds that entry of the Parties' Proposed Judgment and Order is appropriate. Upon the agreement of all parties to this action, therefore, the Court enters the following judgment and order:

1. The requirement in Conn. Gen. Stat. § 21a-190f(c) that paid solicitors must submit the solicitation notice contemplated by that statute 20 days before commencing each solicitation campaign violates the First Amendment to the United States Constitution. Defendant is enjoined from requiring paid solicitors to submit said notice more than one business day before commencing each solicitation campaign. For purposes of this judgment and order, the term "solicitation campaign" in § 21a-190f(c) is construed to mean the entirety of solicitation-related activities contemplated by any contract between a charity and paid solicitor.

2. The requirement in Conn. Gen. Stat. § 21a-190f(c) that paid solicitors must provide DCP with "[c]opies of campaign solicitation literature, including the

4

text of any solicitation to be made orally," as part of the solicitation notice contemplated by that statute violates the First Amendment in its current form, and Defendant is enjoined from enforcing that provision. Nothing in this judgment and order shall be construed to prevent Defendant from subpoenaing such materials from an individual paid solicitor in the context of a specific investigation or enforcement action.

3. The requirement in Conn. Gen. Stat. § 21a-190f(e) that "[a] paid solicitor shall, prior to orally requesting a contribution, and at the same time at which a written request for a contribution is made, clearly and conspicuously disclose at the point of solicitation . . . the percentage of the gross revenue which the charitable organization shall receive as identified in subsection (d) of this section," violates the First Amendment to the United States Constitution, and Defendant is enjoined from enforcing that requirement.

4. The requirement in Conn. Gen. Stat. § 21a-190f(k) that paid solicitors must disclose the names and addresses of donors to DCP upon request violates the First Amendment in its current form, and Defendant is enjoined from seeking to inspect such information under that provision. Nothing in this judgment and order shall impact or obviate a paid solicitor's obligation to maintain records about any of the information contemplated by § 21a-190f(k), including but not limited to the names and addresses of donors, if known to the solicitor, or to disclose to DCP upon request any of the information contemplated by that provision other than donor names and addresses.

5. Plaintiff's claims in Count One are dismissed without prejudice.

6. The Department of Consumer Protection will provide notice to the public on the Department's website of what statutory requirements will no longer be enforced and shall note that such changes are required by this judgment, and will amend any instruction or compliance forms the Department issues to paid solicitors to reflect the terms of this judgment. The Department shall maintain said notice on its website until the General Assembly either amends or repeals the statutory provisions enjoined by this judgment, after which time the Department may remove the notice from its website.

7. This stipulated judgment addresses the constitutionality under the First Amendment to the United States Constitution of only those specific statutes challenged in Plaintiff's Complaint, and does not address or impact the constitutionality of any other statute or regulation.

8. Defendant shall pay Plaintiff, by and through Plaintiff's counsel, a total of $42,504 in costs and attorneys' fees. This payment shall conclusively resolve the issue of costs and attorneys' fees, and neither Plaintiff nor his counsel shall be entitled to seek or recover any additional amounts for costs or attorneys' fees related to this litigation.

**SO ORDERED.**

Dated this ___ day of January, 2022, at New Haven, Connecticut.

_____
Jeffrey Alker Meyer
United States District Judge